**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1573
_____

NOVIE IRENE TAMBAANI;
SENDRA HELSA VERONICA,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency Nos. 098-493-995 and 098-439-999
Immigration Judge:  Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2010

Before: McKEE, Chief Judge, HARDIMAN and COWEN, <u>Circuit Judges</u>

(Opinion filed: July 28, 2010)
_____

OPINION
_____

PER CURIAM

Novie Irene Tambaani and her daughter Sendra Helsa Veronica petition for review

of an order of the Board of Immigration Appeals ("BIA"), which dismissed their appeal

from an Immigration Judge's ("IJ") removal order.  We will deny the petition for review.

Tambaani and Veronica are natives and citizens of Indonesia. Both conceded that they were removable because they had remained in the United States beyond the time authorized. Tambaani applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b) [INA § 240A(b)], based on her allegation that her other daughter, a U.S. citizen, would suffer exceptional and extremely unusual hardship if Tambaani were to be removed to Indonesia. Veronica applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), based on her allegation that she had been, and would be, persecuted and/or tortured because she is a practicing Christian. The IJ found that Veronica's asylum claim was time-barred, and that no exception applied. The IJ denied Petitioners relief on the merits of their other claims, except for granting them both the privilege of voluntary departure. The petitioners appealed, and the BIA dismissed their appeals, but also permitted them to voluntarily depart. Petitioners filed a timely petition for review in this Court.

We must first consider which of Petitioners' claims are properly before this Court for review. We generally have jurisdiction to review a final removal order pursuant to 8 U.S.C. § 1252, but section 1252(a)(2)(B)(i) removes jurisdiction for denials of discretionary relief under 8 U.S.C. § 1229b. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir. 2003). The BIA denied Tambaani's application for cancellation of removal because she did not show that her U.S. citizen daughter would suffer exceptional and extremely unusual hardship. The determination whether the alien has established the

2

requisite hardship is a "quintessential discretionary judgment." Id. at 179. Nevertheless, the REAL ID Act amended the Immigration and Nationality Act to allow constitutional claims or questions of law to survive its jurisdiction-stripping provisions, see REAL ID Act 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D). Tambaani attempts to frame her issue as a legal question, by stating that the BIA imposed a heightened legal standard and required her to show that her daughter's hardship would be "unconscionable." But the BIA clearly articulated the correct legal standard in its decision. See A.R. 2 ("a respondent must demonstrate that her United States citizen children would suffer hardship that is substantially beyond that which would ordinarily be expected to result from an alien's deportation, but need not show that such hardship would be 'unconscionable'"). We lack jurisdiction to re-weigh the factors Tambaani presented in support of her claim, which is essentially what she is asking us to do. We thus will dismiss the petition for lack of jurisdiction to the extent it seeks review of the denial of Tambaani's application for cancellation of removal.

We next consider Veronica's claims. In most cases, we have jurisdiction to review a final order of removal involving the denial of asylum. 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review any determination regarding the timeliness of an asylum application and the applicability of

the exceptions.[1]  See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).  The

Court nevertheless retains jurisdiction over any legal or constitutional claims raised in

conjunction with this issue.  See 8 U.S.C. § 1252(a)(2)(D).  Veronica argues that the one-

year deadline should not apply to her, because she was (undisputedly) a minor at the time

of her application.  This is a legal question over which we have jurisdiction.[2]

The BIA, citing 8 C.F.R. § 1208.4(a)(5)(ii), agreed with the IJ that Veronica had

"failed to establish that her status as an unaccompanied minor was an extraordinary

circumstance so as to excuse her failure to file an asylum application within one year of

her arrival in the United States."  A.R. 3.  The regulation in question provides that an

"extraordinary circumstance" may include a "[l]egal disability (e.g., the applicant was an

unaccompanied minor or suffered from a mental impairment) during the 1-year period

after arrival."  8 C.F.R. § 1208.4(a)(5)(ii).  The IJ noted that Veronica may have come on

the airplane from Indonesia alone, but that she came to live with her mother and father.

The IJ found that she was thus not "unaccompanied" and did not meet the exception.

Veronica cites one case in which the Court stated that a petitioner, a minor who was

apparently living with his parents, was not subject to the time-bar because he was a

---

[1] An asylum claim must generally be filed within one year of an alien's arrival in the United States.  8 U.S.C. § 1158(a)(2)(D).

[2] While the BIA's factual findings are reviewed for substantial evidence, we review the legal conclusions de novo, subject to the principles of deference articulated in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984).  Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007).

minor.  El Himri v. Ashcroft, 378 F.3d 932, 936 (9th Cir. 2004).  In that case, the IJ had considered the merits of the minor child's asylum petition, and there is no indication that the parties disputed the propriety of that action.  Here, in contrast, the IJ and BIA concluded that Veronica did not meet the exception under the regulation.  Veronica did not argue before the BIA (nor does she here) that the regulation was unconstitutional or otherwise improper,[3] and we conclude that the BIA's application and implied interpretation was proper.[4]

Although we cannot review the merits of Veronica's asylum claim, we retain jurisdiction to consider the denial of her applications for withholding of removal and protection under the CAT.

Tarrawally, 338 F.3d at 185-86.  To qualify for withholding of removal, an alien must establish that it is more likely than not that her "life or freedom would be threatened in th[e] country [of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  See 8 U.S.C.  1231(b)(3)(A); Tarrawally, 338 F.3d at 186.  To meet this standard, the alien must show either (1) past persecution, which creates a rebuttable presumption of future persecution; or (2) that it is

---

[3] Because the BIA considered sua sponte whether the time-bar applied, we have jurisdiction to consider the issue, in general, despite Veronica's failure to raise it in her brief to the BIA.  Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008).

[4] We assume that the BIA and IJ interpreted the regulation to provide an exception to timeliness provisions where the minor child was "unaccompanied" during the year following his or her entry, and not just "unaccompanied" at the time of entry itself.

5

more likely than not that she will suffer future persecution if removed. See 8 C.F.R. § 1208.16(b). Persecution consists of "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," but "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993). To be eligible for CAT relief, an alien must show that it is more likely than not that she will be tortured if removed to the country in question. 8 C.F. R. § 1208.16(c)(2). "Torture" consists of the intentional infliction of "severe pain or suffering . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Veronica testified that she was treated "bad" by Muslim students, and that she remembers a day when her church was burned down. A.R. 188-90. These isolated incidents do not rise to the level of "past persecution." Kho v. Keisler, 505 F.3d 50, 57-58 (1st Cir. 2007) (where two churches that petitioner attended in Indonesia were burned down and he experienced a non-violent mugging, discrimination, and a verbal insult, petitioner had not established past persecution). Although Veronica points out incidents of persecution of Christians in materials in the record, Veronica did not present any evidence that she would be singled out for persecution in the future, and she did not argue before the BIA that there was a pattern or practice of persecution of Christians in Indonesia. See 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (court

6

is without jurisdiction to consider issues where alien has failed to exhaust all available administrative remedies). We thus find that substantial evidence supports the BIA's finding that Veronica did not meet her burden of establishing eligibility for withholding of removal.[5]

For the reasons stated above, we will deny the petition for review.

---

[5] Although Veronica states that the BIA erred in denying her CAT claim, she does not point to any evidence in the record indicating that it is more likely than not that she would be tortured if she were to return to Indonesia. We thus will deny the petition for review of the denial of her claim for protection under the CAT.

7